IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ ) |
| DEANDREW RAINEY; SOPHIA SAMBE-RAINEY; SHIR-EARN RAINEY, VEDA M. SPANN-RAINEY, individually and as mother and guardian of J.R., (a minor); and J.R. (a minor), | ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), through undersigned counsel, files this Complaint in Interpleader and states as follows:

**PARTIES**

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Tennessee.

2. Upon information and belief, Defendant DeAndrew Rainey is the son of Earnest Rainey (the "Decedent") and resides in Antioch, Tennessee.

3. Upon information and belief, Defendant Sophia Sambe Rainey is the daughter of the Decedent and resides in Lawrenceville, Georgia.

4. Upon information and belief, Defendant Shir-Earn Rainey is the daughter of the Decedent and resides in Nashville, Tennessee.

5. Upon information and belief, Defendant Veda M. Spann-Rainey ("Veda Rainey"), who resides in Nashville, Tennessee is the mother and guardian of J.R., a minor, who is the child of Veda Rainey and the Decedent. Veda Rainey and Decedent were married, but their marriage was annulled.

6. Upon information and belief, Defendant J.R. is the minor child of the Decedent and Veda Rainey and resides in Nashville, Tennessee with Veda Rainey.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

8. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 because this an interpleader action in which two or more adverse claimants of diverse citizenship are claiming entitlement to benefits exceeding $500. MetLife is ready and willing to immediately deposit the benefits at issue into this Court upon receiving a Court Order permitting such deposit.

9. Venue is proper pursuant to 28 U.S.C. § 1397 because this is the judicial district in which one or more of the claimants reside. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTS AND CAUSE OF ACTION IN INTERPLEADER**

10. The Decedent was an employee of General Motors LLC ("GM") and a participant in the General Motors LLC Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by GM and funded by a group life insurance policy issued by MetLife.

11. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan (collectively, the "Plan Documents").

12. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Summary Plan Description, which is part of the Plan Documents, establishes the right of a Plan participant to name his or her beneficiary on page 54. A true and correct copy of page 54 of the Summary Plan Description is attached hereto as **Exhibit A**.

14. On August 18, 2022, the Decedent died. A true and correct copy of the death certificate is attached hereto as **Exhibit B**.

15. At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of Twenty-Two Thousand and Ninety Dollars ($22,090.00) (the "Basic Life Benefit") and Optional Life insurance coverage in the amount of Fifty Thousand Dollars ($50,000) (the "Optional Life Benefit;" together with the Basic Life Benefit, the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

16. MetLife has a total of twelve signed and dated beneficiary designations on file for Decedent. Some of the designations contain an electronic version of the Decedent's signature ("e-signed"), some of the designations contain a handwritten version of the Decedent's signature.

17. The file contains an additional beneficiary designation form that is not dated and does not contain a complete social-security number for the Decedent. The form also lists two beneficiaries both noted as being 100% primary beneficiaries.

18. The most recent dated beneficiary designation on file is dated August 19, 2022, the day *after* the Decedent's death, and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent; however, since it is dated the day after his death, this form would not be a valid designation. This beneficiary designation also contains a social security number for the Decedent that differs from the social security number on Decedent's Certificate of Death. A true and correct copy of the August 19, 2022 Beneficiary Designation is attached hereto as **Exhibit C**.

19. The next prior beneficiary designation on file is dated August 18, 2022, the same date as the Decedent's death, and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent but MetLife cannot determine what time it was purportedly e-signed in relation to the time of Decedent's death. This beneficiary designation also contains a social security number for the Decedent that differs from the social security number on Decedent's Certificate of Death. A true and correct copy of the August 18, 2022 Beneficiary Designation is attached hereto as **Exhibit D**.

20. The next prior beneficiary designation on file is dated March 22, 2016 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the March 22, 2016 Beneficiary Designation is attached hereto as **Exhibit E**.

21. The next prior beneficiary designation on file is dated August 28, 2014 and names Decedent's minor child, J.R., as the primary beneficiary for the Basic Life Benefit and Shir-Earn

Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the August 28, 2014 Beneficiary Designation is attached hereto as **Exhibit F**.

22. The next prior beneficiary designation on file is dated July 16, 2014 and names J.R. as the primary beneficiary for the Basic Life Benefit and Sophia Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be hand-signed by the Decedent. A true and correct copy of the July 16, 2014 Beneficiary Designation is attached hereto as **Exhibit G**.

23. The next prior beneficiary designation on file is dated June 23, 2014 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the June 23, 2014 Beneficiary Designation is attached hereto as **Exhibit H**.

24. The next prior beneficiary designation on file is dated June 16, 2014 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the June 16, 2014 Beneficiary Designation is attached hereto as **Exhibit I**.

25. The next prior beneficiary designation on file is dated February 25, 2014 and names J.R. as the primary beneficiary for the Basic Life Benefit and Sophia Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be hand-signed by the Decedent. A true and correct copy of the February 25, 2014 Beneficiary Designation is attached hereto as **Exhibit J**.

26. The next prior beneficiary designation on file is dated January 9, 2013 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the January 9, 2013 Beneficiary Designation is attached hereto as **Exhibit K**.

27. The next prior beneficiary designation on file is dated August 2, 2011 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the August 2, 2011 Beneficiary Designation is attached hereto as **Exhibit L**.

28. The next prior beneficiary designation on file is dated June 27, 2011 and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. A true and correct copy of the June 27, 2011 Beneficiary Designation is attached hereto as **Exhibit M**.

29. The first beneficiary designation on file is dated July 2, 2007 and names Veda Rainey as the primary beneficiary for all coverages in force. It purports to be hand-signed by the Decedent. A true and correct copy of the July 2, 2007 Beneficiary Designation is attached hereto as **Exhibit N**.

30. On or about August 30, 2022, DeAndrew Rainey sent MetLife a Life Insurance claim form for the Plan Benefits. A true and correct copy of the claim form is attached hereto as **Exhibit O**.

6

Case 3:23-cv-00314    Document 1    Filed 04/10/23    Page 6 of 11 PageID #: 6

31. On or about September 2, 2022, MetLife received an email from Veda Rainey contesting the validity of the beneficiary designations. Ms. Rainey stated that the Decedent "did not exclude [J.R., a minor]" from the Plan Benefits, and that "[a]ny changes that were done online were not from [the Decedent]," since "he was not tech savvy." She also claimed that her Final Decree of Annulment with the Decedent and related parenting and child support documents provided that she was to receive the benefits for J.R.'s benefit until Decedent's child support obligations were satisfied and then J.R. was to receive the Plan Benefits. True and correct copies of Ms. Rainey's email and the decree and related documents provided to MetLife by Ms. Rainey are collectively attached hereto as **Exhibit P**.

32. The Final Decree of Annulment between Decedent and Veda Rainey states that "Father [the Decedent] shall insure his own life in the minimum amount of $100,000.00 by whole life or term insurance. Until the child support obligation has been completed, each policy shall name the Mother as sole irrevocable primary beneficiary, as trustee for the benefit of the [child], to serve without bond or accounting." *See* Ex. P, Decree, Parenting Plan § II.F. The Decree would not affect MetLife's determination as to who is the proper beneficiary under the Plan if it does not meet the statutory requirements for a "Qualified Domestic Relations Order," ("QDRO") set forth in 29 U.S.C. § 1056(d).

33. On or about October 28, 2022, MetLife received a letter from Nicholas Bellamy, Esq. of The Kennedy Law Firm, PLLC on behalf of Shir-Earn Rainey, advising that Shir-Earn Rainey believed she was a named beneficiary of the Plan Benefits. A true and correct copy of the letter is attached hereto as **Exhibit Q**. MetLife has subsequently received notification that Mr. Bellamy no longer represents Shir-Earn Rainey.

34. By letter dated November 9, 2022, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave the Defendants an opportunity to try and resolve this matter in order to preserve the remaining Plan Benefits from litigation costs and fees. It advised that it "must be informed in writing within 60 days of the date of this letter whether an amicable compromise of your claims can be reached." A true and correct copy of the November 9, 2022 letter is attached hereto as **Exhibit R**.

35. As of the date of filing, MetLife has not received notification that the Defendants have resolved their competing claims.

36. The undated beneficiary designation on file, attached hereto as **Exhibit S**, is not valid under the Plan because it does not contain a date and is otherwise not complete.

37. The most recent dated beneficiary designation on file is invalid because it is dated the day after the Decedent's death. *See* Ex. C.

38. The next two prior designations—dated August 18, 2022 and March 22, 2016—both name DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. Both of these designations purport to be e-signed by Decedent. *See* Exs. D, E. Veda Rainey asserts that these designations are invalid because Decedent was not "tech savvy" and would not have completed e-signed documents.

39. The next prior beneficiary designation is dated August 28, 2014, and names J.R. as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary

8

beneficiary for the Optional Life Benefit. However, this document also purports to be e-signed by the Decedent. *See* Ex. F.

40. The next prior beneficiary designation on file is dated July 16, 2014, and names J.R. as the primary beneficiary for the Basic Life Benefit and Sophia Sambe Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be hand-signed by the Decedent. *See* Ex. G.

41. The next prior beneficiary designation on file is dated June 23, 2014, and names DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. It purports to be e-signed by the Decedent. *See* Ex. H.

42. The prior beneficiary designations on file are noted herein above.

43. If the Decree of Annulment and related documents are a QDRO, then either Veda Rainey or J.R. would appear to be the proper beneficiary for the benefits, depending on when, and if, the Decedent's child support obligations were satisfied. If, however, the Decree of Annulment and related documents are not a QDRO, then the proper beneficiaries would be those designated in the most recent, valid, beneficiary designation.

44. If the e-signed beneficiary designations from either 2022 or 2016 are valid, then DeAndrew Rainey is the proper beneficiary of the Basic Life Benefit and Shir-Earn Rainey is the proper beneficiary for the Optional Life Benefit.

45. If, however, the 2022 and 2016 e-signed beneficiary designations are invalid, but the next most recent designation—the August 2014 e-signed beneficiary designation—is valid, then J.R. would be the proper beneficiary entitled to the Basic Life Benefit and Shir-Earn Rainey would be the proper beneficiary for the Optional Life Benefits.

46. If neither the 2022, 2016 or August 2104 e-signed beneficiary designations are invalid, but the July 2014 hand-signed beneficiary designation is valid, then J.R. would be the proper beneficiary for the Basic Life Benefit and Sophia Sambe Rainey would be the proper beneficiary for the Optional Life Benefit.

47. If none of the above beneficiary designations are valid, then the most recent, valid, beneficiary designation would determine the proper beneficiaries.

48. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors to double liability.

49. As a mere stakeholder, MetLife makes no claim to the remaining Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the remaining Plan Benefits should be paid.

50. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

51. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, General Motors or the Plan for the recovery of Plan Benefits, plus applicable interest, if any, by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii) Permit MetLife to pay into the Registry of the Court the Plan Benefits, plus applicable interest, if any;

(iv) Dismiss MetLife with prejudice from this action and discharging MetLife, General Motors, and the Plan from any further liability upon payment of the Plan Benefits, plus applicable interest, if any, into the Registry of this Court, or as otherwise directed by this Court;

(v) Award MetLife its costs and attorney's fees; and

(vi) Award MetLife such other and further relief as this Court deems just equitable and proper.

Dated: April 10, 2023

Respectfully submitted,

*s/ Caroline D. Spore*
Caroline D. Spore (BPR #36214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-3806
Fax: (615) 252-6380
cspore@bradley.com

*Attorney for Interpleader Plaintiff*
*Metropolitan Life Insurance Company*

11

Case 3:23-cv-00314   Document 1   Filed 04/10/23   Page 11 of 11 PageID #: 11