IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-00314 ) ) |
| DEANDREW RAINEY; SOPHIA SAMBE-RAINEY; SHIR-EARN RAINEY, VEDA M. SPANN-RAINEY, individually and as mother and guardian of J.R., (a minor); and J.R. (a minor), | ) JUDGE TRAUGER ) ) ) ) ) |
| Defendants. | ) ) |

## **MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), through undersigned counsel, respectfully moves the Court to approve the terms of the settlement agreement between the parties in this action. Though Defendants Veda Rainey and her minor child, J.R., have also filed a motion to approve the settlement (*see* Dkt. 20), MetLife submits this separate motion to comply with the Court's August 16, 2023 Order requiring "plaintiff [to] file a motion to approve the settlement that includes the terms of the settlement and why it is fair to the minor." *See* Dkt. 19.

As grounds for this motion, MetLife states as follows:

1.  MetLife filed this interpleader action on April 10, 2023 after receiving competing claims to life insurance benefits that became payable upon the death of Earnest Rainey (the "Decedent"). *See* Dkt. 1.

2.  Defendants DeAndrew Rainey, Sophia Rainey, Shir-Earn Rainey, and J.R. (a minor) are the Decedent's children. *Id.* ¶¶ 2–6. Defendant Veda M. Spann-Rainey is J.R.'s

mother. *Id.* ¶ 6. She was formerly married to the Decedent, but their marriage was annulled. *Id.*

3. At the time of his death, the Decedent was a participant in the General Motors LLC Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by GM and funded by a group life insurance policy issued by MetLife. *Id.* ¶ 10. He was enrolled under the Plan for Basic Life insurance coverage in the amount of Twenty-Two Thousand and Ninety Dollars ($22,090.00) (the "Basic Life Benefit") and Optional Life insurance coverage in the amount of Fifty Thousand Dollars ($50,000) (the "Optional Life Benefit;" together with the Basic Life Benefit, the "Plan Benefits"). *Id.* ¶ 15.

4. At the time of the Decedent's death, MetLife had twelve completed beneficiary designation forms on file for the Plan Benefits. *See* Dkt. 1 ¶¶ 18–29 & Exs. C–N. Some were hand-signed by the Decedent and some purported to be e-signed by the Decedent. *See id.*

   a. Nine of the designation forms named DeAndrew Rainey as the primary beneficiary for the Basic Life Benefit and Shir-Earn Rainey as the primary beneficiary for the Optional Life Benefit. *See id.* Exs. C, D, E, H, I, K, L, M.

   b. Three of the designation forms named J.R. as the primary beneficiary for the Basic Life Benefit and Sophia Rainey as the primary beneficiary for the Optional Life Benefit. *See id.* Exs. F, G, J.

   c. The very first beneficiary designation on file names Veda Rainey as the primary beneficiary for all coverages in force. *See id.* Ex. N.

5. The most recent beneficiary form, which names Shir-Earn and DeAndrew Rainey as the primary beneficiaries, is invalid because it is dated the day after the Decedent's death. *Id.* ¶ 37. The next two prior designations on file also name Shir-Earn and DeAndrew Rainey as the primary beneficiaries, but are electronically signed. *See id.* Exs. C–E. Veda and Sophia Rainey

have alleged that these beneficiary designations are invalid, since they were signed electronically, and the Decedent was not "tech savvy." *Id.* ¶ 38; D.I. 15 ¶¶ 5–6.

6. Veda Rainey has also alleged that her Final Decree of Annulment with the Decedent is a "Qualified Domestic Relations Order" ("QDRO") that supersedes the beneficiary designations on file and requires all of the Plan Benefits to be paid to J.R. D.I. 15 ¶¶ 3–5; *see also* D.I. 1 ¶ 31 & Ex. P; 29 U.S.C. § 1056(d).

7. The Decree states that "Father [the Decedent] shall insure his own life in the minimum amount of $100,000.00 by whole life or term insurance. Until the child support obligation has been completed, each policy shall name the Mother as sole irrevocable primary beneficiary, as trustee for the benefit of the [child], to serve without bond or accounting." *See* D.I. 1 Ex. P, Decree, Parenting Plan § II.F.

8. If the Decree qualifies as a QDRO, then the Plan Benefits would be payable to Veda Rainey as the trustee for the benefit of JR. If the Decree does not qualify as a QDRO, then the proper beneficiar(ies) would be the individual(s) named as beneficiar(ies) on the most recent, valid beneficiary designation form.

9. The Defendants have now reached an agreement in principle on the disposition of the Plan Benefits, whereby half of the Benefits ($36,045.00, plus applicable interest) will be paid to J.R. and the other half ($36,045.00, plus applicable interest) will be paid to Sophia Rainey. DeAndrew Rainey, Shir-Earn Rainey, and Veda Rainey (in her individual capacity) will renounce their claims to the Benefits. Although MetLife remains prepared to interplead the Plan Benefits if necessary. permitting the Defendants to resolve their claims through a settlement is likely to be more expedient and cost efficient for all parties.

10. MetLife has drafted a settlement agreement memorializing the terms described in

paragraph 9 and releasing MetLife, the Plan, and General Motors from any further liability. It has sent the agreement to Defendants for their signature and will bring a copy of the document for the Court to review *in camera* at counsel's August 23 conference with the Court. The document will likely need to be revised to reflect the information included in Veda and J.R.'s Motion for Approval, since MetLife was unaware of Veda Rainey's contingency fee arrangement with her counsel or her intent to "establish a separate account containing the name of J.R.; that she will not, without Court approval, withdraw funds [from], except for specific needs of the minor for educational and health care expenses." *See* D.I. 20 at PageID #168.

11. MetLife filed this interpleader action because it was unable to determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors to double liability. That remains the case—MetLife takes no position on who is the correct beneficiary, and it makes no claim to the Plan Benefits.

12. If the Court were to determine that the Decree is not a QDRO, J.R. does not appear to have a strong claim to the entire $72,090.00 in Plan Benefits and litigating the QDRO issue would create additional legal expense for J.R. and Veda Rainey. If the Decree is not a QDRO, then J.R. must successfully argue that the more recent, electronically signed beneficiary forms naming Shir-Earn and DeAndrew Rainey as beneficiaries are invalid in order to recover any benefits. Even then, the most J.R. would recover would be $22,090.00, plus interest because in the subsequent hand-signed beneficiary designations, J.R. is designated as the beneficiary of only the *Basic* Life Benefit, which has a $22,090.00 benefit amount. D.I. 1 ¶ 15 & Exs. F, G, J. Accordingly, the settlement allocates a higher benefit amount to J.R. than he could recover unless he is able to establish that the Decree is a QDRO.

13. MetLife notes that there is not a signed settlement agreement in place yet, but

anticipates having a fully executed agreement from all parties. If, however, the Court approves the terms of the settlement described in paragraphs 9 and 10, and one or more of the Defendants ultimately refuses to sign a written agreement memorializing these terms, the settlement will not be effective and MetLife will file a motion to interplead the Plan Benefits and be dismissed from the case and released from future liability under the Plan.

WHEREFORE, MetLife respectfully requests that the Court approve the parties' settlement agreement.

Dated: August 21, 2023

Respectfully submitted,

*s/ Caroline D. Spore*
Caroline D. Spore (BPR #36214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-3806
Fax: (615) 252-6380
cspore@bradley.com

*Attorney for Interpleader Plaintiff*
*Metropolitan Life Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice electronically to the following:

W. Gary Blackburn
Bryant Kroll
213 Fifth Avenue North, Suite 300
Nashville, TN 37219

*Attorneys for Veda M. Spann-Rainey and J.R.*

I further certify that on August 21, 2023, the following Defendants will be served the foregoing via U.S. mail and electronic mail at the addresses listed below:

Sophia Rainey Sambe
2282 Ewell Park Dr.
Lawrenceville, GA 30045
sophiasambe@gmail.com
ssambe@truckinggloballogistics.com

*Pro Se Defendant*

Shir-Earn Rainey
1607 Deerfield Drive
Clarksville, TN 37043
shirearn.rainey@gmail.com

*Pro Se Defendant*

DeAndrew Rainey
1607 Deerfield Drive
Clarksville, TN 37043
deandrew.rainey@outlook.com

*Pro Se Defendant*

                                            *s/ Caroline D. Spore*
                                            Caroline D. Spore